**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**Case Number 2:10-cr-39(2)**
**Judge Edmund A. Sargus, Jr.**

**CARA CHRISTENSEN,**

**Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Cara Bowman's, formerly Cara Christensen, Request for Motion to Close And/Or Seal Criminal Record. (ECF No. 116.) Ms. Bowman seeks to close or seal her federal criminal record. (*Id.*) She explains that since her release in 2013, she has "worked hard to build a stable, productive, and meaningful life." (*Id.*) She is a wife and mother of three boys and has built a successful career in Human Resources and Talent Acquisition, but her federal criminal record creates a barrier to further employment opportunities. (*Id.*)

"For a federal district court, 'there is no distinction between sealing and expunging a criminal record.'" *United States v. Leeson*, No. 3:18-cr-73-TMR-7, 2023 WL 5834927, at *1 (S.D. Ohio Sep. 8, 2023) (Rose, J.) (quoting *United States v. Townsend*, 2:09-cr-118, 2014 WL 1884229, at *3 (S.D. Ohio May 9, 2014) (Marbley, J.)). "Within the Sixth Circuit, there are two possible avenues for jurisdiction over a petition or motion to expunge: a statutorily-grounded permission to expunge or the limited doctrine of ancillary jurisdiction." *United States v. Appiagyei*, No. 2:18-cr-58(8), 2026 WL 2283460, at *1 (S.D. Ohio Aug. 7, 2026) (Marbley, J.) (quoting *United States v. Holmes*, 2025 WL 2917150, at *1 (S.D. Ohio Oct. 14, 2025) (Dlott,

J.)); *see also United States v. Belfer*, 1:62-cr-321, 2018 WL 3374069, at *2 (N.D. Ohio July 11, 2018) (listing statutory examples permitting expungement). But the scope of ancillary jurisdiction is limited and "federal courts lack ancillary jurisdiction over motions for expungement based on purely equitable considerations." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014).

Ms. Bowman identifies no statutory justification for expunging her federal criminal record. (*See* ECF No. 116.) The Court acknowledges the significant progress Ms. Bowman has made since her release and her career goals are commendable, but such equitable considerations are insufficient to invoke the Court's ancillary jurisdiction. *See Appiagyei*, 2026 WL 2283460, at *1; *Cline v. United States*, No. 2:93-CR-00094, 2009 WL 2475264, at *2 (S.D. Ohio Aug. 12, 2009); *United States v. Catron*, No. 1:11-cr-12-16, 2024 WL 4679356, at *2 (N.D. Ohio Nov. 5, 2024).

For the reasons explained above, the Court **DENIES** (ECF No. 116) Defendant Cara Bowman's Request for Motion to Close And/Or Seal Criminal Record.

This case remains closed.

**IT IS SO ORDERED.**

**10/9/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**